# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 18-20289-SHL-dkv |
| | ) | |
| NICHOLAS FULTON, SR., | ) | |
| Defendant. | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING DEFENDANT'S MOTION TO SUPPRESS

Before the Court is Chief Magistrate Judge Diane K. Vescovo's Report and Recommendation ("R&R"), filed on July 30, 2019, recommending that the Court deny Defendant's Motion to Suppress. (ECF No. 59.) Defendant seeks to suppress drugs, a firearm and ammunition discovered during a warrantless police search on July 29, 2016, arguing that they are the product of an illegal search and seizure. (Id. at 2–3.) Judge Vescovo, upon consideration of the evidence, determined that no violation of the Fourth Amendment occurred as the officers were justified in their search of Defendant's vehicle pursuant to both the Automobile and Plain View Exceptions.[1]

On August 14, 2019, Defendant filed objections to the Chief Magistrate Judge's R&R. (ECF No. 61.) He agrees that "[t]he vast majority of the Magistrate Court's proposed findings of fact are without dispute." Id. However, he objects to the Chief Magistrate Judge's conclusion

---

[1] The Chief Magistrate Judge also determined that Defendant has standing to object to the search of his vehicle. The Government did not object to the Chief Magistrate Judge's Report and Recommendation, and, based on clear error review, this Court adopts the Chief Magistrate Judge's Recommendation on this issue and provides no further analysis.

that Automobile and Plain View Exceptions apply, arguing that the officers lacked probable cause to conduct their search. Id.

Following the entry of the R&R, the Court held a report date and discussed the procedural posture of this Motion. In response to the Court's question as to whether another evidentiary hearing was necessary, both parties requested that the Court view the body camera videos of Sergeant Travis Beraud and Officer Samuel Parker, which were originally submitted as exhibits to the Defendant's Motion to Suppress to the Chief Magistrate Judge. (See Gov. Exs. 1-1 "Beraud Footage" & 1-2 "Parker Footage".) The Court has viewed the body camera videos and also reviewed the transcript of the May 14–15, 2019, evidentiary hearing on the motion before the Chief Magistrate Judge.

For the reasons more fully outlined below, Judge Vescovo's Report and Recommendation is **ADOPTED**, Defendant's objections are **OVERRULED** and his Motion to Suppress is **DENIED**.

## **FACTS**

The following facts are taken from uncontested portions of Judge Vescovo's R&R, the hearing testimony and the body camera videos of Sergeant Beraud and Officer Parker.

On July 29, 2016, officers were dispatched to the Lauderdale County Hospital in Ripley, Tennessee, in response to the hospital admitting two patients with gunshot wounds. Officer Parker arrived at the hospital and noticed a vehicle in the parking lot with its hazard lights on, two gunshot holes in the windshield and a shattered window. He checked the license plate information with the dispatcher and was informed the vehicle belonged to one of the gunshot victims, now Defendant. He posted security on the vehicle as other officers and detectives arrived, including Sergeant Beraud and Sergeant Louis Ruff. Officer Parker can be seen on

Sergeant Beraud's body camera footage looking through the passenger side window pointing out what he states is "dope" in a plastic bag in plain view on the front passenger seat and stating that he can "smell weed" in the vehicle. (Beraud Footage at 18:12:19–24.) Sergeant Beraud agreed. Id. Sergeant Ruff also viewed and smelled marijuana upon his initial inspection of the vehicle. (Hearing Transcript, May 14, 2019, pps. 68–69.) At that point, no officer had conducted any search of the vehicle. (Beraud Footage at 18:12:05.)

Minutes later, from the other side of the vehicle, Officer Parker emphatically exclaimed that he could plainly see cocaine on the passenger seat, to which Sergeant Beraud states "yep, that's crack." (Id. at 18:19:05–11). This can all be seen on Sergeant Beraud's body camera video. The search begins some time after the suspected marijuana and cocaine are seen. After the search and seizure of the drugs, ammunition and a grinder, Officer Parker has a conversation with another officer regarding whether they should search for a gun. (Parker Footage 18:55:06–18:56:46). The seizure of the gun, however, is not caught on camera.

At no point did any officer seek a search warrant.

## **ANALYSIS**

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations for dismissal of a complaint. 28 U.S.C. § 636(b)(1)(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1). A district court reviews *de novo* only those proposed findings of fact or conclusions of law to which a party specifically objects. Id.; see also Fed. R. Civ. P. 72(b)(3).

Defendant objects to the Chief Magistrate Judge's Recommendation that the Automobile Exception and Plain View Doctrine justify the search in this case. Defendant argues that, based

on the totality of the circumstances test, the officers did not have probable cause. He specifically points to the fact that Officer Parker stated on cross-examination that he could not tell the difference between burnt and raw marijuana, the officers were not "certain" the suspected drugs they observed were in fact drugs and Sergeant Ruff could not recall whether the drugs had been seized prior to his search and seizure of the firearm from the vehicle.

A.   Automobile Exception

The government has the burden to prove by a preponderance of the evidence that the circumstances justified a warrantless search. United States v. Matlock, 415 U.S. 164 n.14 (1974); United States v. Bradley, 163 Fed. Appx. 353, 357 (6th Cir. 2005). Under the Automobile Exception, an officer may perform a warrantless search of a detained vehicle if the officer has probable cause to believe that the vehicle contains contraband or evidence of criminal activity. United States v. Lyons, 687 F.3d 754, 770 (6th Cir. 2012). Probable cause exists when there is a fair probability under the totality of the circumstances that contraband or evidence of a crime will be found in a particular place. United States v. Helton, 314 F.3d 812, 819 (6th Cir. 2003).

Prior to any search, Officer Parker and Sergeant Beraud both smelled what they believed was marijuana coming from inside Defendant's vehicle. (Beraud Footage at 18:12:19–24.) After they smelled marijuana, both observed what they believed to be marijuana in plastic bags on the passenger seat of Defendant's vehicle. (Id.;Hearing Transcript, May 14, 2019, p. 21, 5-14; ECF No.39.) When Officer Parker and Sergeant Beraud moved to the other side of the vehicle, both observed what they believed to be cocaine, or "crack."[2] Sergeant Ruff testified that he observed plastic bags with a white powdery substance and a green leafy substance on the

---

[2] Possession of cocaine and marijuana is illegal in Tennessee. Tenn. Code Ann. § 39-17-417.

4

passenger side seat. (Hearing Transcript, May 14, 2019, pps. 68–69.) He identified those substances, based on his training and experience, as cocaine and marijuana. Id. This all occurred before any search took place. Their conclusion that the plastic bags they observed contained illegal drugs was not a hunch, as argued by Defendant. As can be seen on the body camera videos, they were emphatic that they could plainly see illegal drugs in Defendant's vehicle. The law does not require that officers be certain as to the nature of the suspected illegal substances, only that a "fair probability" exists that contraband will be found in a particular place. See Helton, 314 F.3d at 819. Under a totality of the circumstances test, the Government has shown that there was a fair probability of contraband located in Defendant's vehicle. Whether Officer Parker can tell the difference between the smell of burnt or raw marijuana is not relevant to the totality of the circumstances—the visual observation of the drugs is sufficient.

Defendant also points out that Sergeant Ruff does not recall whether the firearm was seized before or after the drugs were seized. (ECF No. 61, 3.) Based on the time stamps of the body camera videos and the conversations of the officers regarding a potential search for a firearm, it appears that the firearm was seized some time after the marijuana and cocaine were seized. (See Parker Footage 18:55:06–18:56:46.) Both Sergeant Ruff and Officer Parker are certain that the firearm was seized after Sergeant Ruff was told about the firearm by Nicholas Fulton, Jr. and before the vehicle was towed. (Hearing Transcript, May 14, 2019, p.28, 11. 1-5; p. 52, 11. 9-10.) Moreover and importantly, the body camera footage indicates that the vehicle was not entered until after the officers observed the drugs on the front seat. Therefore, the seizure of the gun had to occur after that observation.

Mr. Fulton's objection that the Automobile Exception does not apply is **OVERRULED**.

B.    Plain View Doctrine

Police officers may seize an item without a warrant under the plain view doctrine if: (1) the item seized is in plain view, (2) the item's incriminating character is immediately apparent, (3) the officer is lawfully in the place from where the item can be plainly seen, and (4) the officer has a lawful right of access to the item.  United States v. Mathis, 738 F.3d 719, 732 (6th Cir. 2013) (citing Horton v. California, 496 U.S. 128, 136-37 (1990)); see also United States v. Galaviz, 645 F.3d 347, 355 (6th Cir. 2011) ("Under the plain view doctrine, if police are lawfully in a position from which they can view an object, if its incriminating character is immediately apparent, and if the officers have a lawful right of access to the object, they may seize it without a warrant." (internal quotations omitted)).

The officers could plainly see illegal drugs while standing next to Defendant's vehicle and the incriminating character of the drugs was "immediately apparent" to both Officer Parker and Sergeant Beraud as shown on the body camera video.  The officers were lawfully in a public parking lot and the Automobile Exception gave them a lawful right of access to the drugs.  See *Galaviz*, 645 F.3d at 357.  All of the plain view doctrine factors have been satisfied.

Mr. Fulton's objection that the Plain View Exception does not apply is also **OVERRULED**.

## **CONCLUSION**

Based on the foregoing, the Court **OVERRULES** Mr. Fulton's objections and **ADOPTS** Chief Magistrate Judge Vescovo's Report.  Defendant's Motion to Suppress is **DENIED**.

**IT IS SO ORDERED,** this 21st day of August, 2019.

                                        s/ Sheryl H. Lipman
                                        SHERYL H. LIPMAN
                                        UNITED STATES DISTRICT JUDGE